[No. 10243. Department One. August 30, 1912.]

A. E. GRANT, *Respondent*, v. H. L. LILIENTHAL, *Appellant*.[1]

CONTRACTS—PERFORMANCE—EVIDENCE—SUFFICIENCY. Findings that a subcontractor completed his grading contract are sustained by evidence that the assistant city engineer set stakes to indicate the final line of the grade, that the contractor graded to the line marked, and that the work was finished with such grading.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 17, 1911, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Burcham & Blair*, for appellant.

*Cullen & Lee*, for respondent.

MORRIS, J.—Action to recover balance claimed to be due under a subcontract to do certain work connected with the grading of a street. Appellant obtained a contract from the city of Spokane to grade, curb, and lay sidewalks along what

[1]Reported in 125 Pac. 1009.

is known as Syringa road. He sublet a part of this contract to respondent, and the difference between them is as to what work was included in this subcontract. The court below found in favor of respondent and sustained his contention.

The contract between the parties hereto reads: "all of the grading necessary for the grading of Syringa road from the center line of Highland boulevard to the center line of Over-bluff." The prices for the work to be done are also given as: "Solid rock excavation, one dollar per cubic yard; loose rock excavation, fifty-five cents per cubic yard; earth excavation, thirty cents per cubic yard; excavating for curbs, eight cents per lineal foot." Contending that he had completed his contract, respondent ceased work, and not obtaining what he claims to be due him, he brought this action.

Appellant contends that, subsequent to respondent's leaving the work, he was compelled, under his contract with the city, to do the following work at a cost of $535.28, which work was properly included within respondent's contract and should have been done by him: Filling up the portion of the parking strip between the sidewalk and the curb; filling in back of sidewalk; raking off the larger stones; crowning the street. Here we have a plain question of fact as to whether or not respondent completed all the work called for by his contract. Some of the witnesses, competent to determine the meaning of the technical expressions used in the contract and the amount and character of work called for, say he did; others, equally competent, so far as we can observe from the record, say he did not. We are inclined, after reading the evidence, to agree with the lower court that its weight and preponderance are with respondent.

The assistant city engineer in charge of the work testified that he set stakes, with blue chalk marks on them, to indicate to the grading contractor the final line of the grade. The evidence shows that respondent graded up to the blue chalk marks. Other evidence is to the effect that these blue chalk marks, placed on stakes driven at each side and in the

center of the roadway, indicated to the contractor the finish line of his work, and when the grade is as indicated by the blue chalk marks it is finished. This testimony is ample to sustain the findings, and they will be sustained.

Judgment affirmed.

FULLERTON, PARKER, CHADWICK, and GOSE, JJ., concur.